IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JERRY DECKARD | § | |
| v. | § | CIVIL ACTION NO. 9:07cv106 |
| | | (Crim. No. 9:01cr41) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Jerry Deckard, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Deckard was indicted on charges of possession of cocaine with intent to distribute, possession of a firearm by a felon, and possession of ammunition by a felon. A superseding indictment alleged that the amount of cocaine was in excess of 500 grams. On February 10, 2003, Deckard pleaded guilty to Counts One and Three of the indictment.

On March 28, 2003, he filed a motion to have his attorney, Tonda Curry, withdraw as counsel. On June 10, 2003, Evelyn Rodriguez was substituted for Curry.

On November 21, 2003, Deckard filed a motion to withdraw his guilty plea, which motion was denied on January 22, 2004. Deckard received a sentence of 180 months in prison, a fine of $17,000.00, a $200.00 special assessment fee, and three years of supervised release.

Deckard took a direct appeal, and his conviction was affirmed by the Fifth Circuit; however, the Supreme Court granted certiorari and the case was remanded for reconsideration in light of United States v. Booker, 125 S.Ct. 738 (2005). The Fifth Circuit reviewed the case in light of

1

Booker and again affirmed the sentence and conviction. Deckard sought certiorari again, which was denied, and then filed the present motion to vacate or correct his sentence.

In this motion, Deckard argued that he received ineffective assistance of counsel, saying that his attorneys failed to advise him of the relevant portions of the Guidelines and how they affected his sentence, failed to explain "the intricacies of the Guidelines," and had him sign two different versions of a plea agreement without explaining why. Deckard says that had counsel explained the relevant portions of the Guidelines, there is a "reasonable probability" that he would not have pleaded guilty, but would have insisted on going to trial; he says that based on the failure to explain the Guidelines, he pleaded guilty "without the required knowledge of his plea."

Deckard also contends that his plea of guilty was involuntary, saying that "the record makes this clear." He says that he was dissatisfied with Curry's representation of him from the very beginning and again contends that had she explained the Guidelines to him, he would not have pleaded guilty.

Deckard further says that his second attorney, Rodriguez, failed to appeal the denial of the motion to withdraw the plea. He acknowledges that Rodriguez filed a motion saying that he should be allowed to withdraw his plea of guilty, but then failed to appeal the denial of this motion. He says that he was prejudiced by counsel's failure to prepare for trial and that but for this failure, there is a reasonable probability that he would have insisted on going to trial. In support of his claim, Deckard attaches an affidavit, reiterating his contentions, and a copy of the motion to withdraw the plea agreement which Rodriguez filed.

The Magistrate Judge ordered the Government to answer, and Deckard filed a response to the answer. After review of the record in the case, the Magistrate Judge issued a report on June 12, 2008, recommending that the motion to vacate or correct sentence be denied.

In this Report, the Magistrate Judge quoted extensively from the transcripts of the proceedings in Deckard's criminal case. These transcripts make clear, as the Magistrate Judge said, that Deckard understood the charges against him, he understood the maximum penalty which he

2

faced, and that he was pleading guilty because he was guilty and for no other reason. Deckard was repeatedly given the opportunity to ask questions, which he declined to do, and testified that Curry had gone over the plea agreement with him and that he was satisfied with Curry's representation of him. The Magistrate Judge concluded that Deckard's sworn testimony showed that his entry of the guilty plea was knowing and voluntary, and that the fact that the applicable range of the Guidelines was not known at the time of the entry of the plea did not cast aspersions on the validity of that plea. Deckard testified that he had not been coerced, threatened, or promised anything for his plea of guilty, that he wished to enter his plea voluntarily, and testified that he was guilty.

The Magistrate Judge further observed that "mere allegations" that Deckard would have demanded a trial had counsel's advice been different are not sufficient to show a reasonable probability that he would have actually done so. Under the superseding indictment, the maximum sentence that Deckard faced was 40 years in prison, but in the plea agreement, the Government stipulated that the maximum sentence was 20 years. The Magistrate Judge stated that Deckard offered nothing to show that he would have risked going to trial, and facing an additional 20 years in prison, if only counsel had better explained the Sentencing Guidelines to him.

Although Deckard complained that counsel failed to explain "the intricacies of the Guidelines" to him, the Magistrate Judge noted that at the change of plea hearing, the Court explained to Deckard that while Curry may have attempted to calculate the sentence which Deckard would receive, she may have made a mistake, or the Court itself could depart upwards from the Guidelines, or Curry could have failed to take relevant conduct into account. Deckard replied that he understood this. The Court advised Deckard that he could be sentenced to up to 20 years in prison, and so Deckard understood the consequences of his plea. The Magistrate Judge stated that the testimony at the change of plea hearing makes clear that Deckard's entry of the guilty plea was knowing and voluntary, and that Curry had secured a very favorable plea bargain for him under the circumstances.

In addition, the Magistrate Judge said, Deckard failed to show that he had received ineffective assistance of counsel on appeal. He complained that Rodriguez failed to appeal the denial of the motion to withdraw the plea of guilty, but the Magistrate Judge determined that Deckard had failed to show that such an appeal would likely have had merit; there is no absolute right to withdraw a guilty plea, and the denial of such a motion is reviewed on an abuse of discretion basis. The Magistrate Judge concluded that the record revealed "little if any chance" that an appeal on this issue would have had any realistic chance of success, and so he did not show that he had suffered prejudice from the failure to raise the issue on appeal. Finally, the Magistrate Judge determined that Deckard's claim of failure to prepare for trial did not set out a viable claim for relief.

Deckard filed objections to the Magistrate Judge's Report on July 2, 2008. In his objections, Deckard argues first that because he offered a sworn affidavit, the Court must conduct an evidentiary hearing to "determine the extent of the allegations presented."

Next, Deckard says that regardless of the statutory maximum, he was being sentenced under the mandatory scheme of the Guidelines, and so the Guidelines would be the final decision guide to be used for imposing the sentence. He says that it is "ironic" that counsel would argue the motion to withdraw the plea so vigorously but then "let the issue subside" at the appellate level. He says that although the Magistrate Judge noted the delay in the filing of the motion to withdraw the guilty plea, this was the fault of the attorney and should not be attributed to him.[1]

Deckard further argues that if the plea is based on misleading or incorrect facts and circumstances, the Court "cannot determine that counsel's failure to prepare which results in Petitioner providing a guilty plea before the Court that the plea is in essence properly provided." With regard to his claim of ineffective assistance of counsel on appeal, Deckard says that the Court should not place the burden on him to show that the Court of Appeals would have ruled in his favor.

---

[1] The delay in the filing of the motion is one factor which is reviewed on appeal in determining whether the district court abused its discretion.

Finally, he contends that the Magistrate Judge's recommendation that a certificate of appealability be denied is "premature at best" and is in conflict in some way with 28 U.S.C. §2253.

Deckard's objections are without merit. The Fifth Circuit has held that no evidentiary hearing is warranted in a Section 2255 proceeding where the written submission of the parties and the district court's existing record provide sufficient information to dispose of the motion without a hearing. Franklin v. United States, 589 F.2d 192, 193 (5th Cir. 1979); *see* United States v. Plewniak, 947 F.2d 1284, 1290 (5th Cir. 1991). In this case, the records of the criminal proceeding, as set out at considerable length by the Magistrate Judge, clearly show that Deckard's plea was knowing and voluntary. While Deckard offers an affidavit saying that he would have demanded a trial if counsel's advice had been different, the Fifth Circuit has held that to be entitled to an evidentiary hearing on a claim that sworn statements made during the guilty plea proceeding were false, the petitioner must make "specific factual allegations supported by the affidavit of a reliable third person." United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Deckard essentially claims that his testimony during the plea proceeding, to the effect that he was pleading guilty because he was guilty and for no other reason, and that he understood the proceedings, was false; however, he fails to support his factual allegations with the affidavit of a reliable third person.

The statutory maximum for possession of over 500 grams of cocaine, the offense with which Deckard was charged in the superseding indictment, was 40 years in prison, but the plea agreement set this maximum at 20 years. Deckard says that regardless of the statutory maximum, he would still have been sentenced under the Guidelines, but this fails to show that had counsel explained the Guidelines to him, he would not have pleaded guilty, but would have insisted on going to trial. As the Magistrate Judge said, Deckard has offered nothing to show that but for counsel's alleged dereliction, he would have chosen to go to trial rather than pleading guilty. United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986) (holding that there must be independent indicia of the likely merit of the petitioner's contentions, and that mere contradiction of the statements made at the guilty plea proceedings would not suffice). This objection is without merit.

Deckard says that the Court cannot conclude that his claim of failure to prepare is without merit because his plea was based on "misleading faces and circumstances." As the Magistrate Judge explained, a claim of failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. U.S. v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Deckard has failed to do so. Although he complains that counsel did not explain the Sentencing Guidelines to him, he does not point to any information which he could have received from counsel regarding the Guidelines which would have influenced him to go to trial, much less explain why such information would have done so. Deckard cannot simply speculate that had counsel explained the Guidelines, he might have heard something which would have caused him to demand a trial rather than pleading guilty.

Deckard says that the Court should not place the burden on him to show that the Court of Appeals would have ruled in his favor. The Magistrate Judge cited well-established law saying that to show ineffective assistance in a counseled appeal after conviction, the question is whether the failure to raise an issue worked to the prejudice of the defendant. Smith v. Robbins, 528 U.S. 259, 285 (2000). In that case, the Supreme Court stated that the petitioner must show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that but for counsel's unreasonable failure to file a merits brief raising these issues, he probably would have prevailed on his appeal. In the present case, although Deckard complains that counsel did not raise on appeal the issue of the district court's denial of his motion to withdraw the guilty plea, the Magistrate Judge accurately determined that Deckard had failed to show any realistic chance that he would have prevailed on this issue on appeal. Deckard says that it is "ironic" that counsel strongly argued this motion before the district court but did not raise it on appeal, but this is not unusual at all; the granting of denying of such a motion is within the district court's discretion, and so counsel argued it strongly in an effort to influence the exercise of this discretion; however, once the motion was denied, counsel recognized the futility of arguing on

appeal that the district court's discretion had been abused, because this simply was not the case. Deckard's objection on this ground is without merit.

Finally, Deckard says that a denial of a certificate of appealability would be "premature at best" and would be contrary to 28 U.S.C. §2253. The Fifth Circuit has recognized that it is perfectly lawful for a district court to deny a certificate of appealability *sua sponte*, because the district court which denies a petitioner relief is arguably in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Section 2253 provides only that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right; because Deckard failed to do so, he is not entitled to a certificate of appealability.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Movant's motion to vacate and attached memorandum, the answer filed by the Government, Deckard's response to the answer, the Report of the Magistrate Judge, the Movant's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Movant are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Jerry Deckard is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 9th day of July, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**